**No. 49518.**—Protest 94231–K of S. Lisk & Bro. (New York).

Opinion by KINCHELOE, J. The amended report of the assistant appraiser was received in evidence and in view thereof it was conceded by Government counsel that the merchandise in question is properly dutiable as manufactures in chief value of glass, not specially provided for, under paragraph 230 (d). The protest was therefore sustained to this extent.

**No. 49519.**—Protest 97908–K of R. L. Paquin Co. (Boston).

Opinion by KINCHELOE, J. An inspection of exhibit 1 showed it to consist of two sheets of paper, the outer sheet thicker than the inner one, which have been folded in half and then bound together on the side near the folded center with a narrow black ribbon, and having the appearance of a booklet or folder. On the front cover there is a picture of Christ and the words "In Memoriam." On one side of the inside folded sheet are French words meaning "With the deepest sympathies of . . . ." On the other side of the same sheet appear, also in French, words to the effect that Mass or Masses will be said for the repose of the soul of the deceased, whose name remains to be filled in. Plaintiff's witness admitted that exhibit 1 is in the nature of a spiritual offering and stated that the plaintiff based its contention on a letter from the appraiser at Boston to the deputy collector at that port concerning advisory classification of some former importation. There was no testimony that the merchandise in both instances is identically the same. The advisory classification was held not binding on the collector who is the only classifying officer under the law. He further stated that exhibit 1 is not a gift card but an announcement card—that it is a booklet and not necessarily a folder. The Government called the examiner who passed the merchandise advisorily and who stated that he knew of such a letter but that when the present merchandise came before him his opinion was different. He considered it a greeting card, which opinion was based on information obtained through the Customs Information Exchange. The court was of the opinion that the imported articles are not strictly greeting cards or gift cards but more properly announcement cards; and that as folders or booklets they might come within the *eo nomine* provision therefor in paragraph 1410, or as "booklets, printed lithographically or otherwise, not specially provided for," or under the first provision in said paragraph, in which case the higher rate would be applicable under paragraph 1559. As the record failed to overcome the presumption of correctness attaching to the collector's classification, the claim under paragraph 1410 was overruled.

**No. 49520.**—Protests 56277–K, etc., of Guy B. Barham & Co. et al. (Los Angeles, etc.).

Opinion by LAWRENCE, J. The protests were dismissed.